Jose Garcia BRISENO, Appellant,

v.

The STATE of Texas, Appellee.

No. 29819-01.

Court of Criminal Appeals of Texas, En Banc.

Oct. 30, 1995.

George Scharmen, San Antonio, for appellant.

Robert L. Little, Assistant Dist. Atty., Eagle Pass, and Robert A. Huttash, State's Atty., Austin, for the State.

*ORDER*

PER CURIAM.

Applicant was found guilty of the offense of capital murder on June 24, 1992. Punishment was assessed at death. The trial court appointed attorney George Scharmen to represent applicant on direct appeal. This Court affirmed applicant's conviction on direct appeal. *Briseno v. State*, No. 71,489 (Tex.Cr.App. delivered June 29, 1994).

Following the affirmance of applicant's conviction, the trial court appointed Scharmen to represent applicant in post conviction habeas corpus proceedings. On July 31, 1995, Scharmen filed an application for writ of habeas corpus under Art. 11.07, V.A.C.C.P. The application is still pending in the trial court.

Scharmen has filed the instant motion directly with this Court. He maintains that under newly enacted Art. 11.071, V.A.C.C.P., applicant must be appointed additional coun-

sel to assist in the habeas proceeding due to Scharmen's previous representation of applicant on direct appeal.

Under the recently enacted provisions of Art. 11.071, Sec. 2(d), supra, this Court is required to appoint counsel to assist an indigent applicant seeking to challenge his conviction by means of an initial application for writ of habeas corpus. A duty to appoint second counsel can arise if this Court appoints direct appeal counsel to act as habeas counsel and the cause is currently on direct appeal. See Art. 11.071, Sec. 2(f), supra.

We find applicant has no right to the appointment of additional counsel for purposes of the habeas proceedings currently pending in the convicting court. Applicant is currently represented by counsel. The cause is no longer on direct appeal and Scharmen was not appointed by this Court. Finally, the instant motion has been erroneously filed directly with this Court. Any effort to obtain appointment of counsel from this Court commences with the convicting court making the required findings under Art. 11.071, Sec. 2(a), (b) and (i), supra. Applicant's motion is denied.

IT IS SO ORDERED.